M. Scott Broadwell, ABA No. 0611069
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone: (907) 257-5300
scottbroadwell@dwt.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHANTEL RAMSEY, as Personal Representative of the Estate of Gregory Harms, deceased, on behalf of statutory beneficiaries CHANTEL RAMSEY and Minor Child F. HARMS<br><br>and<br><br>CHANTEL RAMSEY, as Personal Representative of the Estate of Gregory Harms, deceased, on behalf of GREGORY HARMS, deceased<br><br>Plaintiffs,<br><br>vs.<br><br>SOLOY HELICOPTERS, LLC<br><br>Defendant. | CASE NO.: 3:22-cv-_____-\_\_\_\_\_ |

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff CHANTEL RAMSEY, as Personal Representative of the Estate of GREGORY HARMS, deceased, on behalf of statutory beneficiaries CHANTEL RAMSEY and Minor Child F. HARMS, and CHANTEL RAMSEY, as Personal Representative of the Estate of Gregory Harms, on behalf of GREGORY HARMS, deceased, by and through their attorneys, DAVIS

WRIGHT TREMAINE LLP and BLANK ROME LLP, complain against Defendant, SOLOY HELICOPTERS, LLC, and state as follows:

## INTRODUCTION

1. This lawsuit arises out of a tragic accident that took place during a guided helicopter skiing ("heli-ski") trip on March 27, 2021, in the Knik Glacier area near Palmer, Alaska.

2. The heli-ski trip was operated by Triumverate LLC d/b/a Tordrillo Mountain Lodge ("TML"), and the helicopter and pilot were provided by Defendant Soloy Helicopters, LLC ("Soloy Helicopters").

3. There were six individuals in the helicopter when it crashed: one survived and five died, including decedent Gregory Harms.

4. Decedent Gregory Harms was a world-renowned heli-ski and ski guide, as well as an outdoor and adventure trips entrepreneur. For the subject heli-ski trip, Mr. Harms was an employee of TML, working as a ski guide.

5. Decedent Harms is survived by his only child (minor child F. Harms) and his domestic partner of over eight years (as well as being the natural parent with decedent Gregory Harms of minor child F. Harms), Chantel Ramsey.

6. Chantel Ramsey was dependent upon decedent Gregory Harms for financial support at the time of his death and for a substantial time preceding his death, and thus is a statutory beneficiary.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 2 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 2 of 13

7. Minor child F. Harms, is also a statutory beneficiary, as decedent Gregory Harms' sole surviving child.

8. The National Transportation Safety Administration ("NTSB") is currently investigating the crash, but has not yet issued a "probable cause" report.

9. Plaintiffs file the present lawsuit at this time to preserve their rights and claims, including, but not limited to, AS § 23.30.015 (including subparts (b) and (g)), and AS § 09.17.080 mentioned therein.

10. This Complaint may be amended as further evidence is discovered and/or produced, and further claims arising out of the subject accident are clarified.

## SUBJECT MATTER JURISDICTION

11. Plaintiff Chantel Ramsey is the duly appointed Personal Representative of the Estate of Gregory Harms, deceased, who is and was at all relevant times a resident of the State of Colorado. The Harms Estate is pending in the District Court, Pitkin County, Colorado.

12. Plaintiff Chantel Ramsey (Parent/Natural Guardian of minor child F. Harms and statutory beneficiary), is now and was at the time of the subject helicopter crash, a citizen of the State of Colorado.

13. Decedent Gregory Harms was at the time of his death a citizen of the State of Colorado.

14. Defendant Soloy Helicopters is and was at all relevant times an Alaska for profit limited liability company with a principal place of business at in Alaska, with a registered physical

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 3 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 3 of 13

mailing address of 3800 W. Aviation Ave., Wasilla, AK 99654. Registered Members of the LLC are Leslie C. Soloy and Jan H. Soloy, both of whom are and were at all relevant times citizens of the State of Alaska.

15. Defendant Soloy Helicopters was the employer of the pilot of the subject helicopter (pilot/decedent Zachary Russell), and as such, is vicariously liable under the doctrine of respondeat superior for the acts and/or omissions of its pilot/decedent Zachary Russell, as well as other agents, employees, owners of Soloy Helicopters.

16. Plaintiffs bring these wrongful death and survival actions on behalf of the surviving beneficiaries and the Estate of Gregory Harms, respectively.

17. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

18. This court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## IN PERSONAM JURISDICTION

19. Defendant Soloy Helicopters is an Alaska for-profit limited liability company registered in Alaska, engages in substantial activities within Alaska, and committed tortious acts and/or omissions in Alaska (itself and/or vicariously through its employees).

20. A substantial part of the events, acts and/or omissions giving rise to the subject helicopter accident took place in Alaska.

21. This Court has personal jurisdiction over Defendant Soloy Helicopters pursuant to AS § 09.05.015 subparagraphs (a)(1), (a)(3), (a)(7), (a)(10), and (b).

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 4 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 4 of 13

## VENUE

22. Venue is proper because the Defendant Soloy Helicopters conducted significant business in this district, and a substantial part of the events giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

23. All conditions precedent to bringing this action, if any, have been met.

24. At all material times, Defendant Soloy Helicopters was a 14 C.F.R. Part 135 commercial charter operator and registered air carrier, providing (among other things) helicopters and pilots to TML for heli-ski trips and operations, including for the subject accident flight conducted by TML[1].

25. As a Part 135 charter air carrier, and pursuant to its own operations and emergency plans and procedures, and pursuant to applicable industry standards, Defendant Soloy Helicopters and its employees had and owed duties to decedent Gregory Harms to act with due care in all ways associated with the subject heli-ski flight, including, but not limited to, maintenance, inspections, operations, hiring, training, supervision, piloting and operational control of the helicopter, as well as with respect to emergency search and rescue plans and procedures.

---

[1] Because decedent Gregory Harms was an employee of TML at the time of the subject helicopter accident, Plaintiffs are precluded from asserting claims against TML in this forum; rather, they are asserting all such arguments (including regarding liability) in other forum(s) pursuant to applicable Alaska Workers' Compensation Act statutes, including AS § 23.30.015. As stated above, Plaintiffs reserve the right to amend this Complaint and/or assert other arguments, as claims, issues and parties are sorted out hereafter.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 5 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 5 of 13

26. At all material times, Defendant Soloy Helicopters owned, operated, and/or maintained the Airbus AS350-B3 helicopter, N351SH (hereafter "the subject helicopter") that was involved in the subject accident.

27. At all material times, Defendant Soloy Helicopters utilized the subject helicopter for Federal Aviation Regulations ("FAR") Part 135 commercial operator and common carrier operations, including providing the helicopter and pilot to the outfitter for the subject heli-ski trip, TML. As such, Soloy Helicopters owed the highest duty of care to passengers aboard its aircraft (including decedent Gregory Harm) to properly equip, maintain, and operate the subject helicopter, to ensure that the subject helicopter was airworthy for its intended use, to hire and train properly qualified pilots, to properly train and supervise the pilot, and to provide flight following for its helicopters involved in heli-ski flights.

28. At all material times, Defendant Soloy Helicopters, through its managers, members, agents, and employees, maintained certain operational control over the helicopter for Part 135 operations.

29. At all material times, pilot/decedent Zachary Russell was acting as an agent, employee, and/or servant of Defendant Soloy Helicopters, operating the helicopter within the course and scope of his employment by and agency on behalf of Defendant Soloy Helicopters.

30. At all times during subject flight, pilot/decedent Zachary Russell was piloting and navigating the subject helicopter, and under the FARs, was the Pilot-in-Command, in charge of safely operating the subject flight, and as such, owed the highest duty of care to passengers aboard the helicopter, including decedent Gregory Harms.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 6 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 6 of 13

31. As a Part 135 air carrier, Defendant Soloy Helicopters provided training, instruction, guidance and/or supervision to pilot/decedent Zachary Russell and other owners, members, managers, agents and/or employees of Defendant Soloy Helicopters, and wrote and/or approved instructions, manuals, handbooks policies, procedures and/or plans for operations, safety, training and emergencies – including flight tracking, communications, and emergency rescue plans and procedures for its heli-ski operations.

## **THE MARCH 27, 2021 HELICOPTER CRASH**

32. On March 27, 2021, Plaintiffs' decedent Gregory Harms was a passenger aboard the subject helicopter flight, as an employee of TML, working as a ski guide for the heli-skiing trip.

33. According to the NTSB Preliminary Report, the subject helicopter (flown by Defendant Soloy Helicopter's pilot) departed Wasilla Airport at approximately 1440 to pick up decedent Gregory Harms, another ski guide and three clients at a Wasilla Lake residence, to embark on the heli-ski trip. At approximately 1543, the subject helicopter flew towards the Chugach Mountains, and arrived at the intended heli-ski area approximately 19 minutes later. Further, multiple legs of the heli-ski flight were flown between 1612 and 1807.

34. The NTSB Preliminary Report also states that the GPS data showed that the subject helicopter's final movements began at about 1833 over a ridgeline at 6,266 ft msl (about 14 ft. above ground level) at a groundspeed of 1 knot. The subject helicopter maintained a low altitude and groundspeed as it maneuvered over the ridgeline for the next few minutes. The data track for

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 7 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 7 of 13

the subject helicopter ceased at 1836:42, near the final resting point of the subject helicopter's main wreckage.

35. The NTSB Preliminary Report further states that the subject helicopter impacted terrain about 15 to 10 feet below the top of a ridge line, and the total debris field extended about 900 feet downslope from the top of the ridge line.

36. As a result of the conduct of Defendant Soloy Helicopters (including, but not limited to, the operation of the subject flight, any acts or omissions of the pilot, the helicopter accident, and/or the resultant delay in implementing search and rescue efforts), Plaintiffs' decedent Gregory Harms suffered severe and ultimately fatal injuries that caused his death.

37. Evidence to date reveals that decedent Gregory Harms survived the crash, but ultimately died due to lack of flight tracking and required communications with the subject helicopter, as well as several hours delay in commencing emergency search and rescue alerts, communications and plans.

38. As the operator for the subject flight, Defendant Soloy Helicopter's employees, personnel and agents owed certain duties of care to the occupants of the subject helicopter, including decedent Gregory Harms. Those duties were owed by Defendant Soloy Helicopters as the operator for the subject flight, pursuant to its own operations, safety and emergency policies, procedures and plans. The duties owed by Defendant Soloy Helicopters (and/or others) included but, are not limited to, flight-tracking of the subject helicopter and communication with the subject helicopter for required communications "check-ins". Further, once the subject helicopter was overdue for a check-in, Defendant Soloy Helicopters was required to act by immediately

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 8 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 8 of 13

implementing its emergency procedures and plan, and it failed to do so, resulting in decedent Gregory Harms' death.

## COUNT I
## NEGLIGENCE – SURVIVAL ACT – ESTATE OF GREGORY HARMS

39. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all other paragraphs, and further allege as follows:

40. This Count is brought pursuant to Alaska's Survival Act Statute, AK § 09.55.570.

41. Defendant Soloy Helicopters and its Pilot-in-Command (decedent Zachary Russell) owed duties of care under both Alaska law and Federal law, including the Federal Aviation Regulations, to operate the subject helicopter in a reasonable safe manner.

42. In violation of those duties, Defendant Soloy Helicopters committed negligent acts and/or omissions, including, but not limited to, the following:

   a. In violation of FAA rules, regulations, guidelines, and procedures, and the Federal Aviation Regulations, including 14 CFR § 91.13, operated the aircraft in a careless and/or reckless manner;
   b. Through its Pilot-in-Command, failure to conduct the subject flight in a safe and reasonable manner;
   c. Negligent failure to maintain sufficient air speed and altitude above terrain;
   d. Negligent failure to assign a pilot with adequate experience and familiarity with the mountainous terrain and routes of flight being taken for the subject heli-ski trip;
   e. Negligent failure to have in place procedures established for locating each flight, pursuant to FAR 135.79;
   f. Failure to follow its own operations, safety and emergency policies, procedures and plans for heli-ski operations, including, but not limited to, policies, procedures and plans for emergencies, including an overdue helicopter scenario such as the one at issue.
   g. Failure to follow industry standards regarding operations, safety and emergencies, including those for heli-ski operations such as those at issue.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 9 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 9 of 13

h. Other acts or omissions that support a claim pursuant to Alaska and/or Federal law, as future facts and findings support.

43. Plaintiffs' decedent Gregory Harms, as a passenger aboard an aircraft within the airspace of the United States, was in the class of persons intended to be protected by the above-referenced sections of the FARs.

44. As a direct and proximate result of one or more of these aforementioned acts or omissions, Plaintiffs' decedent Gregory Harms suffered severe and ultimately fatal personal injuries and death, including, but not limited to, conscious pain and suffering, pre-impact terror, and severe emotional distress.

**COUNT II**
**Negligence – Wrongful Death Estate of Gregory Harms on Behalf of Statutory Beneficiary Minor Child F. Harms**

45. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all other paragraphs and further allege as follows:

46. This Count is brought pursuant to Alaska's Wrongful Death Statute, AK § 09.55.580.

47. As a direct and proximate result of one or more of the aforementioned acts or omissions, Gregory Harms died, and minor child F. Harms has suffered and will continue to suffer damages as established under the Alaska Wrongful Death Statute, including, but not limited to, pecuniary loss, decedent Gregory Harms net lifetime earnings, and other damages allowed by the Alaska wrongful death statute, AS § 09.55.580.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 10 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 10 of 13

# COUNT III
## Negligence – Wrongful Death Statutory Beneficiary Chantel Ramsey

48. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all other paragraphs and further allege as follows:

49. This Count is brought pursuant to Alaska's Wrongful Death Statute, AK § 09.55.580.

50. At the time of decedent Gregory Harms' death and for a significant time prior to his death, Chantel Ramsey was the domestic partner of decedent Harms, and was dependent upon him for financial support. As such, Chantel Ramsey has a wrongful death claim for decedent Harms' death (through the personal representative of decedent Gregory Harms' Estate) pursuant to AS § 09.55.580.

51. As a direct and proximate result of one or more of these aforementioned acts or omissions, Gregory Harms died, and Chantel Ramsey has suffered and will continue to suffer damages as established under the Alaska Wrongful Death Statute, including but not limited to pecuniary loss, decedent Gregory Harms' net lifetime earnings, and other damages allowed by the Alaska wrongful death statute, AS § 09.55.580.

## DAMAGES

52. Plaintiffs claim all damages according to proof at trial. The damages are well in excess of $75,000.00, which exceeds the minimum diversity jurisdictional limits of the Court.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 11 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 11 of 13

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant Soloy Helicopters as follows:

1. For all pecuniary and non-pecuniary damages, as allowed by the Alaska Action for Wrongful Death and All Causes of Action Survive statutes, AS § 09.55.580 and AS § 09.55.570;

2. For pre-death pain and suffering and emotional distress of Plaintiffs' decedent Gregory Harms;

3. For loss of support and services;

4. For mental pain and suffering;

5. For companionship, instruction, guidance, comfort, attention and protection

6. For lost earnings, financial support, and other economic and non-economic damages;

7. For funeral and other death-related expenses;

8. For costs of suit incurred herein;

9. For attorneys' fees, costs, and expenses, as allowed;

10. For prejudgment interest as allowed; and

11. For such other and further relief as the Court may deem proper and appropriate.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 12 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001

Case 3:22-cv-00067-JMK   Document 1   Filed 03/24/22   Page 12 of 13

**PLAINTIFFS DEMAND TRIAL BY JURY**

DATED this 24th day of March, 2022.

                                      Davis Wright Tremaine LLP
                                      Attorneys for Plaintiffs

                                      By: */s/ M. Scott Broadwell*
                                            M. Scott Broadwell, ABA No. 0611069

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
Page 13 of 13
*Chantel Ramsey et al. v. Soloy Helicopters, LLC,* Case No. 3:22-cv-_____-___
4883-2149-6855v.3 0119505-000001